1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATTI DUSBABEK,

                          Plaintiff,

        v.

BANK OF AMERICA,

                          Defendant.

CASE NO. 3:22-cv-05306-BHS

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

        This matter comes before the Court on Defendant Bank of America's Motion to

Dismiss, Dkt. 8. The Court has considered the briefing filed in support of and in

opposition to the motion and the remainder of the file and grants the motion for the

reasons stated below.

## I.   BACKGROUND

        This complaint arises from a dispute about a Deed of Trust on Plaintiff Patti

Dusbabek's Bainbridge Island home, securing her agreement to repay a loan. Dusbabek

sued Bank of America, alleging that Bank of America illegally collected on her loan and

extorted her by forcing her to make payments under the loan while threatening

foreclosure. Dkt. 1-2.

America's Wholesale Lender ("AWL"), a subsidiary of Countrywide Home Loans, Inc., loaned money to Dusbabek in 2002, secured by a Deed of Trust on her home. *See* Dkt. 8-2 at 2–13. Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary under the Deed of Trust, acting as nominee for AWL. *Id.* Bank of America acquired Countrywide, and thereby AWL, in 2008. In 2017, AWL sold Dusbabek's loan and assigned the Deed of Trust to Bank of New York Mellon ("BONY"). *See id.* at 15–16. BONY initiated foreclosure proceedings in 2019 and scheduled a foreclosure sale in December 2021. *Id.* at 18–21. The foreclosure sale never happened. *See* Dkt. 8-2 at 144–46. Dusbabek appears to still own and reside in the subject property, Dkt. 1-2 at 5, and Bank of America asserts that she satisfied the Countrywide loan, Dkt. 8 at 8.

Dusbabek sued Bank of America and Specialized Loan Servicing ("SLS"), the prior servicer of her loan, in February 2021 in Kitsap County Superior Court, alleging that the two defendants had unlawfully collected on her Countrywide loan. *See Dusbabek v. Bank of America*, No. 20-2-01150-18 (Feb. 1, 2021); *see also* Dkt. 8-2 at 23–44. The suit seems to stem from Dusbabek's confusion about the difference between the owner of the loan (Bank of America by way of Countrywide) and the servicer of the loan (SLS). Dusbabek appears to have believed that both Bank of America and SLS were collecting on her loan from Countrywide. *See id.* The state court ordered Dusbabek to provide a more definitive statement within 20 days. Dkt. 8-2 at 54. Dusbabek filed a response, *id.* at 56–66, and the court then ordered her to file an amended complaint specifying the claims against Bank of America, *id.* at 68. She failed to amend her complaint, Bank of America

1   moved to dismiss for her failure to do so, *id.* at 70–76, and the state court dismissed the

2   action with prejudice, *id.* at 78–79.

3       Dusbabek again sued Bank of America and SLS in Kitsap County in November

4   2021, asserting largely the same arguments and adding that the pending foreclosure sale

5   was "falsified advertising." *Dusbabek v. Bank of America*, No. 21-2-01656-18 (Nov. 3,

6   2021); *see also* Dkt. 8-2 at 81–112. SLS removed that case to the Western District of

7   Washington. *Dusbabek v. Bank of America*, No. 21-cv-5849 RJB, Dkt. 1 (Nov. 18, 2021);

8   *see also* Dkt. 8-2 at 114–22. Bank of America moved to dismiss, and the court granted

9   that motion, affirming that Dusbabek failed to explain how her claims were related to

10  Bank of America, but granted Dusbabek leave to amend. *Dusbabek*, No. 21-cv-5849,

11  Dkt. 35; *see also* Dkt. 8-2 at 134–40. Dusbabek failed to amend her complaint and the

12  court dismissed her complaint without prejudice. *Dusbabek*, No. 21-cv-5849, Dkt. 39; *see*

13  *also* Dkt. 8-2 at 142.

14      Dusbabek sued Bank of America for a third time in Kitsap County in April 2022,

15  again asserting largely the same claims. *Dusbabek v. Bank of America*, No. 22-2-00519-

16  18 (Apr. 2, 2022), *see also* Dkt. 1-2. Bank of America removed the case to this Court.[1]

17  Dkt. 1. It now asks the Court to dismiss the case, arguing that the claims are barred by *res*

18  *judicata* and alternatively that Dusbabek failed to state a plausible claim. Dkt. 8.

19

20      [1] While Dusbabek did not move to remand, she challenged the Court's subject matter
    jurisdiction in a response to Bank of America's removal, Dkt. 10, and in her response to the
21  instant motion, Dkt. 11 at 2. This case was properly removed under the Court's diversity
    jurisdiction as Dusbabek seeks over $75,000 in damages and the parties are completely diverse.
22  *See* 28 U.S.C. § 1332(a).

Dusbabek responds, seemingly asserting the same arguments made in her complaint. Dkt. 11. Bank of America also moves the Court to take judicial notice of eighteen exhibits, all of which are Dusbabek's loan documents or records from her two prior cases. Dkt. 8-1. Dusbabek proceeded pro se in all three cases.

## II.   DISCUSSION

### A.   Motion for Judicial Notice

Generally, a Court may not consider any material outside the pleadings in ruling on a Rule 12 motion, or the motion is converted to one for summary judgment. *See* Fed. R. Civ. P. 12(d). There are two exceptions to this rule. First, the Court may consider material submitted as part of the complaint, or upon which the complaint necessarily relies, if the material's authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Second, under Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record." *Id.* (internal quotation omitted).

Bank of America requests that the Court take judicial notice of Dusbabek's recorded Deed of Trust, Dkt. 8-2, Ex. A, at 2–13; the recorded Assignment of the Deed of Trust to BONY, *id.*, Ex. B, at 15–16; the recorded Notice of Trustee's Sale on Dusbabek's property, *id.*, Ex. C, at 18–21; court documents from Dusbabek's Kitsap County case, *id.*, Exs. D–J, at 23–79; court documents from Dusbabaek's prior case in this district, *id.*, Exs. K–O, at 81–142; the Notice of Discontinuance of Trustee's Sale on Dusbabek's property, *id.*, Ex. P, at 144–46; Dusbabek's new recorded Deed of Trust from 2022, *id.*, Ex. Q, at 148–54; and a recorded Deed of Reconveyance, *id.*, Ex. R, at 156–57. All of these documents are "matters of public record" and can be judicially noticed. *Lee*,

250 F.3d at 688. Moreover, Dusbabek's complaint necessarily relies on her underlying loan documents.

Bank of America's Request for Judicial Notice is GRANTED, and the motion need not be converted into a motion for summary judgment.

## B. Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-

defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

As an initial matter, Bank of America avers that it has never had anything to do with Dusbabek's Deed of Trust. Dkt. 8. AWL was the lender on Dusbabek's Deed of Trust. *See* Dkt. 8-2 at 2–13. AWL was a trade name used by Countrywide which was purchased by Bank of America in 2008. While Dusbabek's Deed of Trust was assigned to BONY in 2017, Bank of America's wholly owned subsidiary owned the Deed of Trust for nine years while under Bank of America's corporate umbrella. Bank of America did not foreclose on the property, but it is not true that Bank of America had no role or involvement whatsoever with Dusbabek's loan.

Bank of America argues that Dusbabek's claims are barred by *res judicata* because her two prior lawsuits were dismissed. *Id.* at 6–8. It is not facially clear that *res judicata* should apply to this case. The first case was dismissed by Kitsap County with prejudice, but the court never addressed her claims further than seeking a more definite statement and an amended complaint. The case in this district was dismissed by Judge Bryan *without* prejudice, however. While it seems likely the Kitsap County case bars this case under *res judicata*, Bank of America did not even discuss why either prior case should be considered a final judgment *on the merits*. Because it was not addressed, and because Dusbabek's claims do not otherwise meet the plausibility standard, the Court will not further address whether Dusbabek's claims are barred by *res judicata*.

As Bank of America points out, Dusbabek's intended cause of action is somewhat unclear. To the extent Dusbabek intends to challenge the foreclosure action, Bank of

America is an improper defendant because it did not play any role in the foreclosure. Dusbabek's challenge of the foreclosure action, to the extent it exists, is DISMISSED.

Bank of America classifies Dusbabek's claim as extortion, which it correctly argues is not a proper civil cause of action in Washington. *Id.* at 8. The Court agrees. There is no civil cause of action for extortion under Washington law. Dusbabek's extortion claim, to the extent it exists, is DISMISSED.

Dusbabek also repeatedly mentions theft, suggesting she intends to assert a conversion claim. *See, e.g.*, Dkt. 11 at 3 (alleging Bank of America "stole close to $1 million"). In Washington, conversion has three elements: "(1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession." *Burton v. City of Spokane*, 16 Wn. App. 2d 769, 773 (2021).

Dusbabek argues that Bank of America illegally collected on her loan. *See* Dkt. 1-2 at 5–10. She seems to be arguing that Bank of America's collection was unlawful because it has an unlawful relationship with Countrywide and because it used MERS to collect. *Id.* Dusbabek's reasoning for the former argument is unclear. She advances no explanation as to why Bank of America's acquisition of Countrywide was unlawful. Insofar as she is arguing that Bank of America was required to notify her of its acquisition of Countrywide or the sale of her loan to BONY, it was not. *See* Dkt. 8-2 at 10 (Deed of Trust stating that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower"). As to her latter argument, MERS acted as nominee for AWL—a common

arrangement. Dusbabek's Deed of Trust, which she signed and acknowledged in this lawsuit was "valid," *see* Dkt. 1-2 at 13, states as much on its face. *See* Dkt. 8-2 at 3. Such an arrangement is not unlawful.

Dusbabek has not plausibly alleged that Bank of America collected on her loan, let alone that it did so unlawfully. To the extent Countrywide, as AWL, collected on her loan, it was contractually authorized to do so. Dusbabek has not plausibly alleged that any of Countrywide's collections were unlawful. Therefore, Dusbabek has not plausibly stated a conversion claim. To the extent that claim exists, it is DISMISSED.

**C.    Leave to Amend**

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Bank of America took no part in collecting on Dusbabek's loan and played no part in the foreclosure action initiated by BONY. This is Dusbabek's third lawsuit against Bank of America, all of which have alleged the same set of facts and have been non-meritorious. Amendment in this case would be futile.

//

//

//

### III.   ORDER

Therefore, it is hereby **ORDERED** that Defendant Bank of America's Motion to Dismiss, Dkt. 8, is **GRANTED**, and its Motion for Judicial Notice, Dkt. 8-1, is **GRANTED**. Dusbabek's claims are **DISMISSED with prejudice**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 10th day of June, 2022.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 9